Mr. Justice Peat
delivered the opinion of the court.
Thomas Brian, complainant, filedhis bill in the superior court of chancery setting forth, that on the first day of August, 1834, being a carpenter and joiner residing in the town of Grand Gulf, he in that capacity contracted, for the sum of 3475 dollars, to build for Wilson and M’Donald a store and warehouse of certain dimensions. That this contract for that purpose was reduced to writing, signed by the parties and recorded in the clerk’s office of the probate court of Claiborne county within three months from its date. That he proceeded to fulfil his contract, and did build and finish such a store and warehouse' as he had stipulated to erect, which was received by the said-Wilson and M’Donald. That there remained due to him, from them, under said contract, the sum of 1147 dollars 32 cents with interest, which the said Wilson and M’Donald refused to pay. . • ■
He also states that the appellant, William R. Buck, has purchased of Wilson and M’Donald their interest in the lot on- which said building was constructed, and that he is now in possession of the same. .
He asserts a lien for the balance due him under the contract to build the said store and warehouse/and prays that they may be sold under a decree of the court, and the proceeds appropriated to the satisfaction of his claim.
Wilson and M’Donald, the defendants, answer, admitting sub-tantially the allegations of the bill, but denying that the store .and warehouse were completed within the time limited by the contract. ’ . ■
The defendant, William R. Buck, denies all knowledge of the *880 facts set out in the bill. He alleges that at the time the building was erected Wilson and M’Donald had but an equitable interest in the lot, the legal estate being in one Benjamin Hughes, from whom in May, 1835, he obtained a conveyance thereof; having previously purchased of Wilson and M’Donald their interest therein. He denies all notice of complainant’s lien; claims the protection of the court as a purchaser for a valuable consideration without notice.
The court below recognised the lien of the complainant and ordered the building to be sold. From which decree William R. Buck has appealed to this court.
The objections taken to the decree are in substance the following:
1. That the contract, as drawn, gives no lien to the complainant against any one.
2. That William R. Buck, purchaser of the lot and building, cannot be reached by said lien, he being a purchaser without notice.
The statute under which this lien is sought to be enforced was passed on the 9th of February, 1821, and so far as it relates to the present case provides, sec. 1, that after the passage of this act, every carpenter or joiner, &c., shall have a lien for the price of his labor on the building upon which it has been bestowed, or for any materials which he shall have furnished.
Sec. 2. That the contract between such carpenter or joiner and his employer shall be reduced to writing and filed in the clerk’s office of the county within three months from the making thereof.
The lien here given is further protected by the act of the legislature passed December 6, 1830.
All the requisitions of the statute hav-e been complied with, and we have no doubt that the lien attaches by operation of law, and must be enforced. The fact that Buck had no notice of the lien is not legally true. The filing of the contract in the clerk’s office was notice to all the world, and if he did not know it, it was not the fault of the appellee.
It was well urged by the counsel of the appellee, that the claims *881 of the mechanic are favored in law. They are often unlettered men, and courts will uphold the policy of the country in giving their statutes a free interpretation in favor of the laborer. They were made to secure to him the award of his toil, and should not be baffled by any subterfuge.
The decree of the court below must be affirmed with costs.